## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 3/10/08 | 101 N. MARION AVE. BRYN MAWR, PA |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| BRYN MAWR COLLEGE | ACCEPTED BY   SAMUEL MAGDOVITZ |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| ERIC AFFLERBACH | PROCESS SERVER |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   3/10/08
                    DATE

SIGNATURE OF SERVER

BRANDYWINE PROCESS SERVERS, LTD.
P.O. BOX 1360
WILMINGTON, DE  19899-1360
302-475-2600

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D-

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials; or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that,

subject to the provisions of clause (c)(3)(B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

AO 88 (Rev. 11/94) Subpoena in a Civil Case

# Issued by the
# United States District Court

## DISTRICT OF DELAWARE

ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION; CAPITOL RECORDS, INC.; ELEKTRA ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LOUD RECORDS LLC; MOTOWN RECORD COMPANY, L.P.; SONY BMG MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; WARNER BROS. RECORDS INC.; and ZOMBA RECORDING LLC

**SUBPOENA IN A CIVIL CASE**

vs.

DOES 1 - 3

To: Bryn Mawr College
101 N. Marion Ave.
Taylor Hall, 3rd Floor
Bryn Mawr, PA 19010-2899

Case No. **1:07-cv-00772-GMS-MPT**

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): Information, including name, current and permanent addresses, telephone numbers, e-mail addresses, and Media Access Control addresses, sufficient to identify the alleged infringers of copyrighted sound recordings, listed by IP address in Attachment A to this Subpoena. In the event that Bryn Mawr cannot link the IP address to a specific individual, provide all documents and electronically-stored information relating to the assignment of the IP address.

| PLACE | DATE AND TIME |
| --- | --- |
| Phillips, Goldman & Spence, P.A. 1200 North Broom Street Wilmington, DE 19806 Phone: (302)655-4200 | April 9, 2008 |

☐ YOU ARE COMMANDED to permit inspection of the following remises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant) Attorneys for Plaintiffs | DATE 3/6/08 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert Goldman
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
Phone: (302)655-4200

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## Attachment A

| Doe # 1 | IP Address: 165.106.153.123 2007-02-25 16:24:35 EST |
| --- | --- |
| Doe # 2 | IP Address: 165.106.208.67 2007-01-23 17:26:08 EST |
| Doe # 3 | IP Address: 165.106.221.118 2007-05-16 20:34:14 EDT |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LOUD RECORDS LLC, a Delaware corporation; MOTOWN RECORD COMPANY, L.P., a California limited partnership; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; and ZOMBA RECORDING LLC, a Delaware limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>DOES 1 - 3,<br><br>Defendants. | CIVIL ACTION No. 07-772-GMS |

### [PROPOSED] ORDER GRANTING PLAINTIFFS' APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Upon the Plaintiffs' Application for Leave to Take Immediate Discovery, the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Bryn Mawr College to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that identify each Doe Defendant, including the name, current (and permanent) addresses and telephone numbers, e-mail addresses, and Media Access Control addresses for

each Defendant. The subpoena may also seek all documents and electronically-stored information relating to the assignment of any IP address which Bryn Mawr cannot link to a specific Doe Defendant. The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).

   IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act.

DATED: __2/20/08__     By: _____
               United States ~~District Judge~~ Magistrate

# PROOF OF SERVICE

| SERVED | Date | Place |
|---|---|---|
| | | |

| served on (Print Name) | Manner of Service |
|---|---|
| | |

| served by (Print Name) | Title |
|---|---|
| | |

# DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    Date                                              Signature of Server

                                                                    _____
                                                                    Address of Server

                                                                    _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D
(c)     PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1)     A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

    (2)     (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

        (B)     Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)     (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

        (i)     fails to allow reasonable time for compliance;

        (ii)    requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

        (iii)   requires disclosure or privileged or other protected matter and no exception or waiver applies, or

        (iv)    subjects a person to undue burden.

        (B)     If a subpoena

        (i)     requires disclosure of a trade secret or other confidential research, development, or commercial information, or

        (ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

        (iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)     DUTIES IN RESPONDING TO SUBPOENA.

    (1)     A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2)     When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

3



# Holme Roberts & Owen LLP
*Attorneys at Law*

DENVER

BOULDER

COLORADO SPRINGS

LONDON

LOS ANGELES

MUNICH

SALT LAKE CITY

SAN FRANCISCO

## NOTICE TO SERVICE PROVIDER

We are counsel for the Recording Industry Association of America, Inc. ("RIAA") and its member record companies. The RIAA is a trade association whose member companies create, manufacture, and/or distribute approximately ninety percent (90%) of all legitimate sound recordings sold and distributed in the United States. We have determined that users, customers, or subscribers of your system or network have infringed our clients' copyrighted sound recordings.

We are serving you with the enclosed Subpoena requesting information identifying the people assigned the IP addresses listed in the Subpoena.

We understand that some ISPs may notify their subscribers that a third party is seeking their identifying information through a Subpoena. If you choose to do so, please indicate in your notification that a user may direct questions regarding the Subpoena or possible resolution of the matter to the record companies' representatives by phone at **913-234-8181**, by facsimile at **913-234-8182**, or by e-mail at **info@SettlementInformationLine.com**. Be advised, however, that providing notification to your subscribers does not relieve you of, or allow you to delay, your obligation to disclose to us on the date contained in the Subpoena the identifying information sought by the Subpoena.

1700 Lincoln Street, Suite 4100  Denver, Colorado 80203-4541  *tel* 303.861.7000  *fax* 303.866.0200